**E. C. SNYDER, U. S. Marshal, et al. v. HUNTER et al.**

(Court of Appeals of District of Columbia. Submitted January 28, 1926. Decided February 10, 1926.)

No. 4327.

Appeal and error ⊙═1218—Motion to recall mandate, because of misapprehension as to scope, refused.

Where judgment of lower court, granting habeas corpus and dismissing petition for warrant of removal, after hearing on both petitions, on stenographic record taken before commissioner, was reversed in appellate court, all that remained to be done was issuance of removal warrants, making it unnecessary to recall the mandate because of misapprehension as to its scope.

Habeas corpus proceeding by James Hunter and others against E. C. Snyder, United States Marshal in and for the District of Columbia, and others. On motion by the United States to recall the mandate heretofore granted (8 F.[2d] 902), that it may be amended. Motion denied.

Peyton Gordon and J. H. Burnett, both of Washington, D. C., for appellants.

J. A. O'Shea, J. S. Detwiler, A. L. Newmeyer, M. W. King, and William Wendell, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Motion by the United States to recall the mandate heretofore issued, that it may be amended; the ground of the motion being that there exists a misapprehension as to its scope.

The habeas corpus petition was accompanied by a petition for certiorari to the commissioner. By stipulation the stenographic record of the hearing before the commissioner was made a part of his return to the writ of certiorari. By further stipulation the case came before the lower court on both the petition for habeas corpus and for warrants of removal. That hearing was upon the record made before the commissioner, no further evidence having been offered by either side. The lower court disagreed with the commissioner. We agreed with the commissioner and reversed the judgment. Obviously, all that remained to be done was the issuance of the removal warrants.

In view of the foregoing, it is unnecessary to recall the mandate, as to which there can be no further question. Wilson v. Newburgh, 43 App. D. C. 202. The motion is therefore denied.

Denied.